**Slip Op. 07-11**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE, VERSAGGI SHRIMP CORP. and INDIAN RIDGE SHRIMP CO.**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **EASTERN FISH COMPANY, INC.**, <br><br> Defendant-Intervenor. |

**Before: Timothy C. Stanceu, Judge**

**Consol. Court No. 05-00192**

## OPINION

[Plaintiffs' motion for judgment on the agency record denied due to failure to challenge final injury determination of U.S. International Trade Commission]

Dated: January 23, 2007

*Dewey Ballantine LLP* (*Bradford L. Ward*, *Rory F. Quirk* and *Mayur R. Patel*) for plaintiff.

*Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Christine J. Sohar*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Kelley Drye & Warren LLP* (*Michael J. Coursey* and *Mary T. Staley*) for defendant-intervenor.

Stanceu, Judge: Plaintiffs Ad Hoc Shrimp Trade Action Committee, Versaggi Shrimp

Corp., and Indian Ridge Shrimp Co. ("plaintiffs") challenge six amended final antidumping "less

than fair value" determinations issued on February 1, 2005 by the United States Department of Commerce ("Commerce") pertaining to imported frozen shrimp. They allege that Commerce improperly excluded a product known as "dusted shrimp," which is frozen shrimp that is coated with flour, from the scope of each of the investigations resulting in the amended final determinations. Plaintiffs, as the petitioners in the administrative proceedings, had sought antidumping duty investigations on a proposed class or kind of imported merchandise that was sufficiently broad to include dusted shrimp and, during those proceedings, specifically had urged Commerce to include dusted shrimp within the scope of the investigations.

Because of the exclusion of dusted shrimp from the scope, the antidumping duty orders that resulted from the investigations, which together impose antidumping duties on frozen warmwater shrimp from Brazil, China, Ecuador, India, Thailand and Vietnam (collectively "the exporting countries"), do not apply to dusted shrimp. Plaintiffs move under USCIT R. 56.2 for judgment on the agency record, seeking a remand to Commerce under which Commerce would be directed to reissue its less than fair value determinations and amend the resulting antidumping duty orders to include dusted shrimp within the scope of the investigations and the orders. Because plaintiffs, although having brought a timely challenge to the amended final less than fair value determinations of Commerce, failed to challenge the final affirmative injury determination of the U.S. International Trade Commission (the "Commission") on which the antidumping duty orders on frozen shrimp were based, the court denies plaintiffs' motion for judgment on the agency record and dismisses this action.

## I. BACKGROUND

According to the findings of Commerce in the antidumping duty investigations, the coating of flour present on dusted shrimp facilitates further processing, such as breading or battering, in the production of prepared frozen shrimp products. As discussed in detail below, Commerce included dusted shrimp within the scope of the investigations upon issuing its preliminary less than fair value determinations but expressly excluded dusted shrimp in the final and amended final determinations, despite the objections that plaintiffs had raised.

Plaintiffs had filed their petitions with Commerce and the Commission on December 31, 2003, in which petitions they sought the imposition of antidumping duties, in accordance with the procedures of 19 U.S.C. § 1673 *et seq.*, on imports of certain frozen and canned warmwater shrimp from the exporting countries. The petitions alleged that these imports are, or are likely to be, sold in the United States at less than fair value, and are materially injuring or are threatening to materially injure an industry in the United States, within the meaning of 19 U.S.C. § 1673.

In response to plaintiffs' petitions, the Commission, on January 8, 2004, published a notice of initiation of its preliminary investigation under 19 U.S.C. § 1673b(a) to determine whether there is a reasonable indication that an industry or industries in the United States are materially injured or threatened with material injury by reason of the allegedly unfairly traded imports of shrimp. *Certain Frozen and Canned Warmwater Shrimp and Prawns From Brazil, China, Ecuador, India, Thailand, and Vietnam*, 69 Fed. Reg. 1301 (Jan. 8, 2004). Commerce published a notice of initiation of its antidumping duty investigations on January 27, 2004 ("Notice of Initiation"). *Notice of Initiation of Antidumping Duty Investigations: Certain Frozen and Canned Warmwater Shrimp From Brazil, Ecuador, India, Thailand, the People's Republic*

*of China and the Socialist Republic of Vietnam*, 69 Fed. Reg. 3876 (Jan. 27, 2004) ("*Notice of*

*Initiation*").  In the Notice of Initiation, Commerce described the scope of the investigations

according to the proposed class or kind of merchandise as defined in the petitions.  This proposed

scope language encompassed shrimp products that had undergone various levels of processing,

including shrimp that had been prepared by the addition of marinade, spices or sauces, but

excluded breaded shrimp.  The petitioners' proposed scope language, as stated in the petitions

and as reflected in the Notice of Initiation, was sufficiently broad to include dusted shrimp.[1]

In the Notice of Initiation, Commerce set aside a brief period of time for the parties to

raise issues pertaining to the scope of the investigations.  *See id.* at 3877.  Between February and

June 2004, interested parties submitted comments on various scope-related issues, including

issues involving whether battered shrimp and dusted shrimp are or should be included within that

---

[1] In pertinent part, the Notice of Initiation preliminarily described the scope of the investigations as follows:

> [C]ertain warmwater shrimp and prawns, whether frozen or canned, . . . head-on or head-off, shell-on or peeled, tail-on or tail-off, deveined or not deveined, cooked or raw, or *otherwise processed* in frozen or canned form.
> \*       \*       \*
> Frozen shrimp and prawns that are packed with marinade, spices or sauce are included in the scope of the investigations.  In addition, *food preparations, which are not "prepared meals," that contain more than 20 percent by weight of shrimp or prawn are also included in the scope of the investigations*.
>
> Excluded from the scope are (1) *breaded shrimp and prawns* (1605.20.10.20); (2) shrimp and prawns . . . commonly referred to as coldwater shrimp, in any state of processing; (3) fresh shrimp and prawns whether shell-on or peeled (0306.23.00.20 and 0306.23.00.40); (4) *shrimp and prawns in prepared meals* (1605.20.05.10); and (5) dried shrimp and prawns.

*Notice of Initiation*, 69 Fed. Reg. at 3877 (emphasis added).

scope. Defendant-intervenor Eastern Fish Company, Inc. requested that dusted shrimp be excluded from the scope of the investigations.

During July and August 2004, Commerce published notices of its preliminary determinations that certain frozen and canned warmwater shrimp from each of the exporting countries are being, or are likely to be, sold in the United States at less than fair value. Although it included dusted shrimp within the scope of the investigations, Commerce indicated in each notice the possibility that, in the final determination, dusted shrimp might be excluded from the scope of the investigations, stating as follows:

> [W]hile substantial evidence exists to consider battered shrimp to fall within the meaning of the breaded shrimp exclusion identified in the scope of these proceedings, there is insufficient evidence to consider that shrimp which has been dusted falls within the meaning of 'breaded' shrimp. However, there is sufficient evidence for the Department to be prepared to exclude this merchandise from the scope of the order provided an appropriate description can be developed. To that end, along with the previously solicited comments regarding breaded and battered shrimp, the Department solicits comments from interested parties which enumerate and describe a clear, administrable definition of dusted shrimp.

*Notice of Preliminary Determination of Sales at Less Than Fair Value, Negative Preliminary Determination of Critical Circumstances and Postponement of Final Determination: Certain Frozen and Canned Warmwater Shrimp From the Socialist Republic of Vietnam*, 69 Fed. Reg. 42,672, 42,676-77 (July 16, 2004) ("*Preliminary Determination*") (citation omitted).

In response to the solicitation of comments, Eastern Fish Company, Inc. and Long John Silver's, Inc. submitted a proposed definition for dusted shrimp that Commerce later adopted.[2] *See* App. to Pls.' Ad Hoc Shrimp Trade Action Comm. et al. Mem. of Law in Support of J. on the Agency R. Pursuant to Rule 56.2 ("App. to Pls.' Mem."), Ex. 15 (*Letter from Collier*

---

[2] The five-part definition, as adopted by Commerce, is set forth later in this opinion.

*Shannon Scott to Sec'y of Commerce* (Aug. 2, 2004)). Plaintiffs did not provide Commerce with a definition of dusted shrimp. However, on August 2, 2004, plaintiffs submitted comments and a declaration opposing the exclusion of dusted shrimp from the scope of the investigation. *Id.* Ex. 25 (*Letter from Dewey Ballantine LLP to Sec'y of Commerce* (Aug. 2, 2004)). Plaintiffs argued that a clear administrable definition of dusted shrimp is not achievable. *Id.* Ex. 25 at 10. Plaintiffs also submitted to Commerce multiple case briefs arguing that dusted shrimp should be included in the scope. *Id.* Exs. 26-35 (case briefs submitted by Dewey Ballantine LLP to the Secretary of Commerce in October and November 2004).

Commerce held a scope hearing on November 23, 2004 and subsequently issued memoranda regarding the scope of its investigations. *Id.* Ex. 14 (*Commerce Scope Clarification Mem. Regarding Dusted Shrimp and Battered Shrimp* (Nov. 29, 2004)), Ex. 36 (*Commerce Scope Clarification Mem. Regarding Shrimp Scampi* (Nov. 29, 2004)). In one of the memoranda, Commerce concluded that "dusted shrimp is comprised of components that create clear physical characteristics that separate dusted shrimp from subject merchandise." *Id.* Ex. 14 at 23. Commerce found that the definition of dusting does not encourage removal of dusting after importation as a means to circumvent an antidumping duty order, as "removal of the dusting layer would be costly, time consuming and fatal to the quality of the product." *Id.* Ex. 14 at 25. Furthermore, "the removal of the dusting layer would compromise the quality of the product, such as its taste, appearance, moisture content and nutritional content." *Id.* Ex. 14 at 25. Commerce also excluded from the scope "battered shrimp," which it described as a shrimp-based product that "when dusted in accordance with the definition of dusting, [is] coated with a wet viscous layer containing egg and/or milk, and par-fried." *Id.* Ex. 14 at 28.

In its final determinations, in which it found that certain frozen and canned warmwater shrimp from the exporting countries are being, or are likely to be, sold in the United States at less than fair value, Commerce excluded dusted shrimp from the scope of the investigations and, accordingly, from the class or kind of merchandise it found to be sold at less than fair value. *See Final Determination of Sales at Less Than Fair Value: Certain Frozen and Canned Warmwater Shrimp From the Socialist Republic of Vietnam,* 69 Fed. Reg. 71,005 (Dec. 8, 2004).[3] To exclude dusted shrimp from the scope, Commerce, in each of the six final determinations, adopted the definition proposed by Eastern Fish Company, Inc. and Long John Silver's, Inc., defining "dusted shrimp" as a product that:

> (1) Is produced from fresh (or thawed-from-frozen) and peeled shrimp; (2) To which a 'dusting' layer of rice or wheat flour of at least 95 percent purity has been applied; (3) So that the entire surface of the shrimp flesh is thoroughly and evenly coated with the flour; and (4) The non-shrimp content of the end product constitutes between 4 to 10 percent of the product's total weight after being dusted, but prior to being frozen; and (5) Is subjected to IQF freezing immediately after application of the dusting layer.

*Id.* at 71,008 n.4.

---

[3] As to the scope of the investigation, Commerce used the same language and reached the same conclusions in the other five final less than fair value determinations. *See Notice of Final Determination of Sales at Less Than Fair Value: Certain Frozen and Canned Warmwater Shrimp From Brazil*, 69 Fed. Reg. 76,910 (Dec. 23, 2004); *Notice of Final Determination of Sales at Less Than Fair Value: Certain Frozen and Canned Warmwater Shrimp From the People's Republic of China*, 69 Fed. Reg. 70,997 (Dec. 8, 2004)*; Notice of Final Determination of Sales at Less Than Fair Value: Certain Frozen and Canned Warmwater Shrimp From Ecuador*, 69 Fed. Reg. 76,913 (Dec. 23, 2004); *Notice of Final Determination of Sales at Less Than Fair Value and Negative Final Determination of Critical Circumstances: Certain Frozen and Canned Warmwater Shrimp From India*, 69 Fed. Reg. 76,916 (Dec. 23, 2004); *Notice of Final Determination of Sales at Less Than Fair Value and Negative Final Determination of Critical Circumstances: Certain Frozen and Canned Warmwater Shrimp From Thailand*, 69 Fed. Reg. 76,918 (Dec. 23, 2004).

On December 7, 2004, plaintiffs filed comments alleging ministerial errors in the calculations performed in connection with the final less than fair value determinations issued by Commerce. Plaintiffs alleged as a ministerial error the exclusion of dusted shrimp from the scope of the investigations and argued that Commerce failed to consider plaintiffs' submitted declaration on the dusted shrimp issue.

While it was publishing its final less than fair value determinations, Commerce sent a letter to the Commission, apparently in response to a Commission request for clarification on the question of dusted shrimp. The letter clarified that dusted shrimp, as identically defined in each of the notices announcing the final determinations, is excluded from the scope of the six investigations. *Letter from Edward C. Yang, Senior Enforcement Coordinator, Dep't of Commerce, to Robert G. Carpenter, Dir., Office of Investigations, Int'l Trade Comm'n* (Dec. 21, 2004) (Vietnam Public Admin. R. Doc. No. 608).

In January 2005, the Commission published a notice summarizing its findings in the final phase of its injury investigation. *See Certain Frozen or Canned Warmwater Shrimp and Prawns From Brazil, China, Ecuador, India, Thailand, and Vietnam*, 70 Fed. Reg. 3943 (Jan. 27, 2005) ("*Commission Final Injury Determination*"). The Commission separately published its detailed findings. *See Certain Frozen or Canned Warmwater Shrimp and Pawns* [*sic*] *From Brazil, China, Ecuador, India, Thailand, and Vietnam*, USITC Pub. 3748, Investigations Nos. 731-TA-1063-1068 (Final) (Jan. 2005) ("*USITC Pub. 3748*"). The Commission found two domestic like products. One like product, to which the Commission referred as "certain non-canned warmwater shrimp," consisted of fresh warmwater shrimp and prawns and those frozen warmwater shrimp and prawn products included in Commerce's scope definition. *Id.* at 11. The

other domestic like product was canned warmwater shrimp and prawns ("canned warmwater shrimp"). *Id.* The Commission found no injury or threat with respect to the canned warmwater shrimp industry, which consisted of a single domestic producer. *Id.* at 3, 9. The Commission found that material injury to the "certain non-canned warmwater shrimp" industry in the United States was being caused by imports of subject merchandise other than canned shrimp. It found injury to the domestic non-canned shrimp industry "by reason of imports from Brazil, China, Ecuador, India, Thailand, and Vietnam of certain non-canned warmwater shrimp and prawns . . . that have been found by the Department of Commerce (Commerce) to be sold in the United States at less than fair value (LTFV)." *Id.* at 1. The Commission expressly recognized the exclusion by Commerce of dusted shrimp from the scope of the subject non-canned warmwater shrimp and prawns. *Id.* at 5 ("Commerce has additionally excluded shrimp sauce, certain dusted shrimp, and certain battered shrimp from the scope definition.").

On February 1, 2005, Commerce published amended final determinations and antidumping duty orders. *See Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp From the Socialist Republic of Vietnam*, 70 Fed. Reg. 5152 (Feb. 1, 2005) ("*Am. Final Determination and Order*").[4]

---

[4] *See also Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Brazil*, 70 Fed. Reg. 5143 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp From the People's Republic of China*, 70 Fed. Reg. 5149 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp From Ecuador*, 70 Fed. Reg. 5156 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp From India*, 70 Fed. Reg. 5147 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Thailand*, 70 Fed. Reg. 5145 (Feb. 1, 2005).

Commerce declined to alter the scope of the investigations to include dusted shrimp and retained, in the six amended final determinations, the same exclusion definition for "dusted shrimp" that it had adopted in the final determinations. *See id.* at 5155-56. Commerce disagreed with plaintiffs' contention that its exclusion of dusted shrimp from the scope of the investigations was a ministerial error, stating that its "decision to exclude dusted shrimp from the scope of this investigation was an intentional decision, and not a ministerial error." App. to Def's. Mem. in Resp. to Pls.' Mot. for J. on the Agency R., Ex. 22 at 21 (*Commerce Analysis of Ministerial Error Allegations* (Jan. 26, 2005)). Commerce excluded imports of canned warmwater shrimp and prawns from the scope of the antidumping duty orders due to the findings by the Commission that injury to the domestic non-canned shrimp industry was caused by imports of subject non-canned warmwater shrimp and that imports of canned warmwater shrimp did not result in injury or threat to either of the domestic industries producing the like products. *See Am. Final Determination and Order*, 70 Fed. Reg. at 5153 (stating that the antidumping duty order reflects the Commission's "distinction between canned warmwater shrimp and prawns and certain non-canned warmwater shrimp and prawns. Specifically, canned warmwater shrimp and prawns are excluded from the scope of the order.").

In this consolidated action, plaintiffs allege that Commerce's less than fair value determinations, in excluding dusted shrimp from the scope of the investigations, are unsupported by substantial evidence on the record and are otherwise not in accordance with law.[5] Plaintiffs

---

[5] Plaintiffs brought six separate actions by filing six summonses and six complaints corresponding to each of the amended less than fair value determinations. The cases were consolidated under Court Number 05-00192 by order of the Court of International Trade on April 6, 2005, in response to plaintiffs' consent motion for consolidation.

move for judgment on the agency record pursuant to USCIT R. 56.2.  As relief, plaintiffs seek a remand of the final less than fair value determinations to Commerce under which the court would instruct Commerce to rescind its exclusion of dusted shrimp from the scope of the underlying antidumping duty investigations and to amend the resulting antidumping duty orders to include dusted shrimp within the scope of those orders.  *See* Pls.' Mot. for J. on the Agency R. at Order. They also seek an order requiring Commerce and the U.S. Bureau of Customs and Border Protection ("Customs") to ensure, to the extent possible, collection of cash deposits on all unliquidated entries of dusted shrimp made since publication of the preliminary less than fair value determinations in the investigations.  *Id.*

## II. Discussion

### A.  Subject Matter Jurisdiction

Plaintiffs bring their challenges to the final amended less than fair value determinations under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (2000), which provides for judicial review of various determinations of Commerce and the Commission arising under the antidumping laws.  Plaintiffs assert jurisdiction under 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(A)(i)(II).

Plaintiffs' reliance on 28 U.S.C. § 1581(c) for subject matter jurisdiction is correct, but they err in citing to 19 U.S.C. § 1516a(a)(2)(A)(i)(II).  Plaintiffs' case does not arise under subsection (a)(2)(A)(i)(II) of 19 U.S.C. § 1516a but arises instead under subsection (a)(2)(A)(i)(I).  The Court of International Trade is granted, in 28 U.S.C. § 1581(c), "exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581(c).  Section 516A of the Act specifies as judicially reviewable various

determinations in countervailing duty and antidumping proceedings. *See* 19 U.S.C.

§ 1516a(a)(2)(B). Specifically identified as a reviewable determination by clause (ii) of

19 U.S.C. § 1516a(a)(2)(B) is "[a] final negative determination by the administering authority or

the Commission under section . . . 1673d of this title [referring to a final determination in an

antidumping duty investigation], including, at the option of the appellant, any part of a final

affirmative determination which specifically excludes any company or product." *Id.*

§ 1516a(a)(2)(B)(ii). This provision precisely describes the challenge that plaintiffs are bringing

to the amended final less than fair value determinations by Commerce. To obtain review of such

a determination, an interested party must proceed under 19 U.S.C. § 1516a(a)(2)(A)(i)(I) by

filing a summons within 30 days of the Federal Register publication of notice of the

determination and, within thirty days thereafter, by filing a complaint. *Id.* § 1516a(a)(2)(A)(i).

Plaintiffs' reliance on subsection (a)(2)(A)(i)(II) is incorrect because that provision

addresses judicial review of a determination "described in clause (i) of subparagraph B" of

19 U.S.C. § 1516a(a)(2). *Id.* § 1516a(a)(2)(A)(i)(II). Clause (i) of subparagraph B specifically

excludes from its scope a part of an affirmative final less than fair value determination, as

referred to in clause (ii), that specifically excludes a product. *See id.* § 1516a(a)(2)(B)(i) ("Final

affirmative determinations by the administering authority and by the Commission under section

. . . 1673d of this title, including any negative part of such a determination (other than a part

referred to in clause (ii))").

Plaintiffs' summonses were timely filed on March 3, 2005, thirty days after the Federal

Register publication of the amended final less than fair value determinations. Their complaints,

filed on April 1, 2005, also were timely under 19 U.S.C. § 1516a(a)(2)(A)(i)(I). The court, in its

discretion, will deem this case to have been brought under the correct statutory provision,

19 U.S.C. § 1516a(a)(2)(A)(i)(I).  Accordingly, the court will consider the amended final

determinations of Commerce to be properly before the court for judicial review.

The court reaches the opposite conclusion with respect to the final injury determination of

the Commission.  Although plaintiffs appealed the six amended final less than fair value

determinations that Commerce issued, they did not appeal the final affirmative injury

determination of the Commission that preceded, and was necessary to, the issuance of the six

antidumping duty orders.  Consequently, pursuant to 19 U.S.C. § 1516a(a)(2), the Commission's

final injury determination became unappealable, *i.e.*, beyond judicial review by the Court of

International Trade, when thirty days had passed following publication without the filing of a

summons commencing an appeal.  Because plaintiffs, in bringing this action, did not challenge

the final injury determination of the Commission, the court is now without subject matter

jurisdiction to remand that determination to the Commission or otherwise order the Commission

to reconsider it.

### B.  Plaintiffs' Rule 56.2 Motion

Plaintiffs' Rule 56.2 motion raises several issues.  Because, for the reasons discussed

above, the court lacks jurisdiction to review the Commission's final injury determination, the

first issue is whether that determination, in its current form, may be construed as a finding that

injury occurred to the domestic non-canned warmwater shrimp industry as a result of imported

subject merchandise that included dusted shrimp.  Because the court concludes that the

Commission's final injury determination cannot be so construed, the court next considers

whether it could now direct Commerce, on remand, to amend the antidumping duty orders to

include dusted shrimp within the scope of those orders.  The court concludes that the

antidumping statute prohibits it from doing so.  As a consequence, the modification that plaintiffs

urge the court to order Commerce to make to the antidumping duty orders, and the related forms

of relief sought by plaintiffs in their Rule 56.2 motion, are unavailable.  Finally, in response to a

point raised by plaintiffs at oral argument, the court considers whether, in the alternative, it

should remand the amended final less than fair value determinations to Commerce in anticipation

that the Commission might modify its final injury determination voluntarily and thereby allow

for a possible later remand directing Commerce to amend the antidumping duty orders to include

dusted shrimp.  For the several reasons discussed below, the court concludes that this alternate

form of relief is not available to plaintiffs in the circumstances of this case.

<u>1.  The Commission's Final Injury Determination Did Not Find Injury by Reason</u>
<u>of Imports of Foreign Merchandise That Included Dusted Shrimp</u>

Commerce's less than fair value determinations did not apply to a class or kind of

merchandise that included dusted shrimp.  Instead, as discussed previously, Commerce expressly

excluded dusted shrimp from its determinations of sales at less than fair value.  In its final

determination, the Commission found material injury "by reason of imports from Brazil, China,

Ecuador, India, Thailand, and Vietnam of certain non-canned warmwater shrimp and prawns . . .

that have been found by the Department of Commerce (Commerce) to be sold in the United

States at less than fair value (LTFV)."  *USITC Pub. 3748* at 1; *see also Commission Final Injury*

*Determination*.  The Commission determined that a domestic industry is materially injured by

reason of imports of the subject merchandise other than imports of "canned warmwater shrimp,"

*i.e.*, that the domestic industry is materially injured by reason of imports of the "certain non-

canned warmwater shrimp" subset of the subject merchandise defined by Commerce.

*Commission Final Injury Determination.*

The limitation to subject merchandise that the Commission observed in its causation analysis is required by statute. The Commission is directed to "make a final determination of whether–(A) an industry in the United States–(i) is materially injured, or (ii) is threatened with material injury, or (B) the establishment of an industry in the United States is materially retarded, *by reason of* imports, or sales (or the likelihood of sales) for importation, of *the merchandise with respect to which the administering authority has made an affirmative determination under subsection (a)(1) of this section.*" 19 U.S.C. § 1673d(b)(1) (2000) (emphasis added). The determination under subsection (a)(1) is the determination by Commerce "of whether the subject merchandise is being, or is likely to be, sold in the United States at less than its fair value." 19 U.S.C. § 1673d(a)(1). Because Commerce excluded dusted shrimp from its less than fair value determinations, the Commission's injury determination may not properly be construed as a finding that the injury the Commission determined to be occurring to the domestic non-canned warmwater shrimp industry occurred by reason of subject merchandise that included dusted shrimp.

In response to questions by the court concerning the effect of the Commission's final injury determination on the relief plaintiffs are seeking, counsel for plaintiffs argued that the Commission's analysis culminating in its final injury determination would not have been different had Commerce included dusted shrimp within the scope of the final investigation. Oral Argument Tr. 39-42, Jan. 19, 2006. Counsel for plaintiffs also argued that the dumping margin calculations of Commerce that were relied upon by the Commission included sales of

dusted shrimp. The Commission's published results, particularly the data relied upon by the

Commission, lend some support to these contentions. The background analysis published with

the views of the Commission states that U.S. imports of subject merchandise were based on

Commerce statistics. *See USITC Pub. 3748* at I-2, n.3. The background analysis states in several

places that "[t]o the extent official statistics contain any imports of 'dusted' or 'battered' shrimp

(which Commerce excluded from the scope of investigations in its final determinations) imports

may be slightly overstated." *Id.*; *see also id.* at IV-6 & IV-7. Even were the court to accept

plaintiffs' argument that the Commission's analysis would not have been different had

Commerce included dusted shrimp in the scope of the investigations for the final less than fair

value determinations, the court could not overlook the point that the Commission did not

determine, and cannot consistent with law be considered to have determined, that injury resulted

to a domestic industry as a result of subject merchandise that included dusted shrimp. As the

statute required, the Commission issued an injury determination that expressly limited its

analysis of causation to certain subject merchandise, *i.e.*, all subject merchandise except canned

warmwater shrimp. Dusted shrimp was not included within that subject merchandise.[6]

---

[6] Plaintiffs also argued that respondents had the opportunity and incentive to advocate for identification of dusted shrimp as a separate like product before the Commission. *See* Oral Argument Tr. at 26, Jan. 19, 2006 ("the parties who might have said something about dusted shrimp as a separate like product had multiple opportunities at the prelim investigation phase before the [Commission] and did not take advantage of that."); *see also* Pls.' Reply Br. 17. The court does not see the relevance of this argument, which pertains to the Commission's determination of domestic like products, to the issues presented by this case. By statute, the Commission was directed to determine, in the final phase of its investigation, injury or threat to a domestic industry or industries by reason of imports or sales of the subject merchandise, which did not include dusted shrimp.

## 2.  Commerce Lacks Authority to Amend the Antidumping Duty Orders to Include Dusted Shrimp Absent a Final Injury Determination Pertaining to Dusted Shrimp

Plaintiffs' Rule 56.2 motion seeks two basic forms of relief.  As their first, and primary, plea for relief, plaintiffs seek an order directing Commerce to rescind its determinations excluding dusted shrimp from the scope of the antidumping duty investigations and to "amend its determinations to include 'dusted shrimp' among the products subject to the various relevant antidumping duty orders for which cash deposits are required."  Pls.' Mot. for J. on the Agency R. at Order at 1.  They augment this proposed relief by seeking an order directing Commerce to "take such other steps as are necessary to ensure that imports of 'dusted shrimp' . . . are subject to the antidumping duty orders."  *Id.* at Order at 2.

The primary relief that plaintiffs seek is beyond the power of the court to grant.  The statute, in the circumstance of this case, does not permit Commerce to issue an antidumping duty order that imposes antidumping duties on merchandise not included within the class or kind of merchandise that was the subject of Commerce's affirmative determination of sales at less than fair value and that also was the subject of an affirmative final injury determination by the Commission.  *See* 19 U.S.C. § 1673.[7]  Because of the statutory relationship between the final determination of sales of a class or kind of merchandise at less than fair value and the subject of the Commission's final determination, the court may not direct Commerce to take action that is

---

[7] As provided by 19 U.S.C. § 1673, "[i]f–(1) the administering authority determines that *a class or kind of foreign merchandise* is being, or is likely to be, sold in the United States at less than its fair value, and (2) the Commission determines that–(A) an industry in the United States–(i) is materially injured, or (ii) is threatened with material injury, or (B) the establishment of an industry in the United States is materially retarded, by reason of imports of *that merchandise* or by reason of sales (or the likelihood of sales) of *that merchandise* for importation, then there shall be imposed upon *such merchandise* an antidumping duty . . . ." 19 U.S.C. § 1673 (emphasis added).

contrary to the governing statute. Therefore, even were the court to remand the amended final less than fair value determinations with instructions to include dusted shrimp within the class or kind of merchandise that is subject to investigation, the court would not have the authority to instruct Commerce concurrently to amend the antidumping duty orders so as to achieve the remedy that plaintiffs seek.

Plaintiffs seek an additional form of relief by means of their Rule 56.2 motion. They seek an order requiring Commerce and Customs to ensure, to the extent possible, that cash deposits are collected for all unliquidated entries of dusted shrimp made since publication of the preliminary less than fair value determinations in the investigations. Pls.' Mot. for J. on the Agency R. at Order at 1-2. Plaintiffs essentially seek the retroactive benefit of provisional measures under the antidumping law. In its preliminary less than fair value determinations, Commerce included dusted shrimp within the scope of the subject merchandise. Upon the publication of an affirmative preliminary determination, Commerce is required to order the suspension of liquidation of entries of merchandise subject to the determination and the posting of a cash deposit, bond, or other security for antidumping duty liability on such entries. 19 U.S.C. § 1673b(d)(1)(B) & (d)(2). Entries of dusted shrimp therefore would have been subject to provisional measures, *i.e.*, suspension of liquidation and the posting of security, until the issuance of the final less than fair value determinations, at which point Commerce excluded dusted shrimp from the scope of the investigations. After the publication of the final determinations, Commerce presumably directed Customs to release past entries of dusted shrimp from suspension of liquidation and to liquidate those entries without regard to antidumping duties. Plaintiffs' request for relief would require that Commerce be directed to order, again, the

suspension of liquidation for any entries of dusted shrimp that still may be unliquidated and to require, again, security for antidumping duty liability, this time in the form that plaintiffs request, *i.e.*, cash deposits. Plaintiffs' request for this form of relief is based on an implied assumption that entries of dusted shrimp from the six exporting countries eventually could be liquidated so as to subject this merchandise to antidumping duties. That is not a valid assumption. Absent antidumping duty orders applicable to dusted shrimp from the exporting countries, antidumping duties may not be assessed on those entries. Because the court lacks the power to direct Commerce to issue amended antidumping duty orders such as those sought by plaintiffs, the court cannot grant plaintiffs this additional relief.

      3.  Plaintiffs Are Not Entitled to the Alternate Relief They Sought at Oral Argument

For the reasons discussed previously, the court is unable to grant the specific relief sought by plaintiffs in their Rule 56.2 motion for judgment on the agency record. Plaintiffs, however, raise one additional issue, and in so doing impliedly seek a form of relief not sought in their motion.

At oral argument, in response to questions by the court concerning the effect of the Commission's final injury determination on the relief being requested, counsel for plaintiffs suggested that the court could remand to Commerce the amended final less than fair value determinations without concurrently directing a modification of the antidumping duty orders. Oral Argument Tr. 42-43, Jan. 19, 2006. In that way, plaintiffs suggest, the court could allow for the possibility that the Commission could modify its injury determination voluntarily, perhaps in response to a possible referral by Commerce. The court interprets this suggestion as

contemplating a possible future remand to Commerce to modify the antidumping duty orders to include dusted shrimp, should it happen that the Commission takes such a voluntary action.

The court observes that plaintiffs, although suggesting this alternate form of relief at oral argument, have not sought leave to amend their complaint or their Rule 56.2 motion accordingly.[8] The court is not obligated to act on its own to rewrite plaintiffs' complaint or their motion. That motion, for the reasons discussed previously, seeks relief that the court is not empowered to grant. For these reasons alone, plaintiffs' current Rule 56.2 motion must be denied.

Even were the court to consider plaintiffs to have sought, according to applicable court rules, the alternate form of relief they now contemplate, the court nevertheless would conclude that this relief is not available to plaintiffs in the circumstances of this case. Those circumstances are such that plaintiffs could have obtained judicial review of the Commission's final injury determination but did not do so. Congress specifically provided, in 19 U.S.C. § 1516a(a)(2)(B)(ii), for judicial review that would have allowed plaintiffs to challenge "[a] final negative determination by the administering authority or the Commission under section . . . 1673d of this title, including, at the option of the appellant, any part of a final affirmative determination which specifically excludes any company or product." 19 U.S.C. § 1516a(a)(2)(B)(ii). Plaintiffs had full opportunity to pursue an appeal of the Commission's determination, having been placed on notice by Commerce's original, final less than fair value

---

[8] Arguably, plaintiffs' complaint describes generally this proposed relief by seeking that the court "[p]rovide such other relief as is just and appropriate." Compl. ¶ 21d. However, neither the complaint nor the Rule 56.2 motion describes the complicated and contingent remand procedure that plaintiffs suggested at oral argument.

determinations that dusted shrimp was excluded from the scope of the subject merchandise. As discussed in the background section of this opinion, those determinations were published in the Federal Register on December 8 and December 23, 2004.[9] Federal Register notice of the Commission's final injury determination was published on January 27, 2005.

Because plaintiffs did not appeal the Commission's final injury determination, a court order directing Commerce to include dusted shrimp within the scope of the investigations and reissue its less than fair value determinations would be futile should the Commission refuse to act voluntarily to modify its final injury determination. The court can now have no assurance that the Commission would modify its final determination in the way necessary to the issuance of amended antidumping duty orders.[10] Plaintiffs are not entitled to a remedy that forces a government agency, in this case Commerce, to conduct the administrative process necessary to the issuance of remand redeterminations where that process, due to plaintiffs' failure to bring the Commission's final determination within the jurisdiction of the court, might well prove to be a useless exercise.

---

[9] It also would have been possible for plaintiffs, acting expeditiously, to file a summons and complaint seeking judicial review of Commerce's original, final less than fair value determinations. Although there is no way to know how such filing would have affected the course of these proceedings, the action could have served as notice to the Commission that the scope as defined in Commerce's final investigations might later have been enlarged.

[10] The court is aware of circumstances, not analogous to those of this case, in which the Commission voluntarily has reconsidered a previous determination, such as where the data on which the determination was based later proved to be false or fraudulent. *See Elkem Metals Co. v. United States*, 26 CIT 234, 193 F. Supp. 2d 1314 (2002) (where the Commission reconsidered an injury determination to determine whether the data on which that injury determination was based were false or misleading).

The Commission's obligation to limit the causation analysis of its injury determination to subject merchandise as defined by Commerce would have been no bar to plaintiffs' obtaining judicial review of the Commission's final determination. Nor does it matter for purposes of obtaining any such judicial review that the Commission may have acted correctly at the time in issuing an injury determination in reliance on a definition by Commerce of subject merchandise that, through no fault of the Commission's, might later have been determined to be contrary to law. Indeed, had plaintiffs attempted to appeal the Commission's final determination, the relevant circumstances, in important respects, would have been analogous to those present in *Borlem S.A.–Empreedimentos Industriais v. United States*, 913 F.2d 933 (Fed. Cir. 1990). In *Borlem*, the Court of Appeals for the Federal Circuit held that the Court of International Trade, under the remand authority of 28 U.S.C. § 2643(c)(1), had the power to order the Commission to reconsider a final affirmative threat of injury determination where, subsequent to the issuance of that determination, Commerce had amended the less than fair value determination and the antidumping duty order to effect substantial reductions in the dumping margins and render some of them *de minimis*. *Id.* at 935-36. *Borlem*, however, involved a final Commission determination that the Court of Appeals for the Federal Circuit recognized to be properly under review in the Court of International Trade, a circumstance not present in this case. *See id.* at 936.

### III. CONCLUSION

The Commission's final determination, which is not before the court for review, found injury to a domestic industry by reason of imports of a subset of the subject merchandise that did not include dusted shrimp. In the absence of a determination by the Commission of injury or threat of injury by reason of subject merchandise including dusted shrimp, the court has no power

to order Commerce, on remand, to amend the antidumping duty orders on frozen warmwater

shrimp so as to extend the scope of the orders to include dusted shrimp entries.  The specific

relief plaintiffs seek in their Rule 56.2 motion is therefore unavailable.  The court will deny

plaintiffs' Rule 56.2 motion and enter judgment dismissing this action.


                                                      /s/ Timothy C. Stanceu
                                                      Timothy C. Stanceu
                                                      Judge


Dated: January 23, 2007
          New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

AD HOC SHRIMP TRADE ACTION
COMMITTEE, VERSAGGI SHRIMP
CORP. and INDIAN RIDGE SHRIMP
CO.,

    Plaintiffs,

    v.

UNITED STATES,

    Defendant,

    and

EASTERN FISH COMPANY, INC.,

    Defendant-Intervenor.

**Before: Timothy C. Stanceu, Judge**

**Consol. Court No. 05-00192**

## JUDGMENT

Upon review of plaintiffs' motion for judgment on the agency record and all relevant papers and proceedings had herein, and upon due deliberation; it is hereby

**ORDERED** that plaintiffs' motion is DENIED; and it is further

**ORDERED** that this action is dismissed.

/s/ Timothy C. Stanceu    
Timothy C. Stanceu
Judge

Dated: January 23, 2007
   New York, New York